Next case is Gilbert Rodriguez v. Department of Homeland Security 2008-3209. Mr. Tellez. That is correct, your honor. Good morning, your honor. Did I pronounce it correctly? North of the Mason-Dixon line, Tellez is an appropriate pronunciation. South of the Mason-Dixon line, it's Tellez. I appreciate your concern about my pronunciation. Do you consider that you're north now or that your home base is south? Well, actually, my home base, if you ask me where I grew up, I have to tell you it's Chicago, so I do not feel offended if you pronounce it Tellez, sir. All right. I'll remember that. Thank you. Please proceed. May it please the court, good morning. We're here on a particular case that involves a lot of issues that could be considered very emotional when one deals with a statute relating to whistleblower. This particular case involves disciplinary action that was taken against Mr. Gilbert Rodriguez, and because of his alleged misconduct, he was terminated. And in the process of defending his case for the alleged misconduct, administrative misconduct hearing, we are trying to allege a whistleblower protection. Whistleblowers, unfortunately… Now, what the government says is that you argue in your brief that he was retaliated against because of his testimony in the criminal trial against his fellow officers, which is obviously a serious allegation. The government says that that issue was not raised before the board and has been waived. Could you address that question? There does seem to have been some testimony about it, but it doesn't seem to have been raised at the pre-hearing conference. Well, we disagree with the government's position that it was waived at the pre-hearing, at the hearing conference. Number one, this issue, because of the way the MSPB administrative law judge handles its proceedings, has a lot of… Parties have to agree to ex parte communication between the parties. Some conferences with the judge were raised in ex parte communication that she conferred with me. She conferred with the opposing counsel on the issues in the case. Our position was that Mr. Gilbert Rodriguez had a whistleblower protection clause because he had submitted, in writing, a memo to the district director immediately after the alleged misconduct. In the part of our conversation, our position was that we had a right to a substantial compliance hearing to show to the judge on the record that he had complied not only with the written portion of the whistleblower, but also with his testimony being protected. The judge, in my personal opinion, misinterpreted the statute and says, if you do not show me that the writing complied with the whistleblower provision, we don't get to the issue of whether his testimony… She kind of tied them in together when the statute says it could be two separate ways of invoking the whistleblower protection. Is that colloquy in the appendix here? We attempted to get that into the record at the pre-hearing, at the hearing with the judge. Do you have a transcript of the hearing? Yes, there is, Your Honor. It should be there. But is that in the appendix? Yes, it is. Where? We submitted all of our excerpts in the hearing, but I'm sorry I don't have that particular citation, but it is in the appendix where we, at the hearing, we… You can provide it on rebuttal. Okay. Basically, Your Honor, the situation was that she indicated… I'm sorry to say she, it was a female judge, and I apologize. The court indicated that because the writing did not comply, his testimony at the hearing was not also protected. And her rationale prior to our start of the hearing was that he was obligated, like the position the government is taking, that he was obligated to disclose and testify that. Well, our position is that he gave a memo, and we had been given a compliance hearing with the statute to indicate how, what facts substantiated our position that he was protected. We have to look at the totality of the circumstances. Okay, well, let me, before we leave this point, what's a little confusing to me, accepting everything you've said, if not looking at the memo allegation, I don't think the government is arguing that necessarily. It's the whistleblowing allegation to the extent it involves the testimony. The board, you filed a petition with the board based on what the ALJ had done with respect to the whistleblowing claim. And it seems to me the board kind of accepted your position and then dealt with it. But everything the board dealt with, as I recall, had to do with the memo. That is correct. So when you went from the ALJ to the board and raised this argument that the ALJ was wrong on the whistleblowing, that was confined, was it not, to the memo whistleblowing issue and didn't involve the testimony issue. Am I right about that? In that regard, you are correct, Your Honor. Okay, so why isn't that kind of a waiver? Because if we had been given a substantial compliance hearing by the judge and allowed us to introduce the evidence, and our position is... Let me help you. There's a case in our court called Bosley, which specifically holds that your failure to raise an allegation in the petition to the board from the ALJ isn't a waiver. Okay. That may be... And I agree with you, and that's why we're raising it, Your Honor. But at the same point, our position is that it is a two-pronged test to determine whether a whistleblower protection should apply if the judge takes a position like she did in our particular case that initially... Whatever. The board said there was no protected disclosure. Well, we believe the board erred. Put it aside. Well, we believe the board erred because it went... In the decision, the board... Wasn't he limiting his disclosure to protect his co-workers? No, he was not. What wrongdoing did he disclose? Besides, he was called as a witness. That's not the same thing as going to an appropriate official and reporting wrongdoing. Well, there is a public policy issue here, Your Honor, that I have to address in a way by answering the court's question this way. The Whistleblower Act encourages public employees to disclose wrongdoing. At the time that the employee decides to disclose the wrongdoing... What wrongdoing did he disclose that was outside the normal responsibilities of his job other than just giving a report? What did he disclose and to whom that was wrongdoing? Well, he disclosed the wrongdoing of the mistreatment of the undocumented alien to his immediate supervisors. He disclosed... He gave a report that started an investigation as to whether an alien's medical condition had been addressed properly. He initiated a process that eventually resulted in the conviction of three gentlemen for violating civil rights of an undocumented alien. And how is his testimony a protected disclosure? He was subpoenaed to testify. He told the truth. It was presumably information. There was an indictment against these gentlemen, so there was presumably information that was already known. So how does that constitute a protected disclosure? Well, had we been allowed to present the whistleblower issue, it is protected because of the course of conduct that was undertaken by the management of the then-legacy INS against the respondent, which started a course of action to try to terminate him. And we would have been able to tie in how his testimony... The fact that he testified... was not known to anyone until he disclosed it to the U.S. Attorney, and he was asked about it while on the stand. And that fact was that, Mr. Rodriguez, you are being charged with not following policies and procedures of your agency. Did you, on this date, ident... That's the procedure that was in question here, one of the removal issues. Did you follow the policies and procedures for properly identing the aliens that you were in charge to take back from Bryan, Texas, to San Antonio? At that point, in the pretrial preparation for the criminal case, Mr. Rodriguez disclosed to the assistant U.S. Attorney who was handling the case, no, I did not at the time. Unfortunately, because of the totality of what... Let me understand what you're saying. Because he allegedly, and they support by substantial evidence, he improperly unplugged the ident system, that you're saying his disclosure of the fact that he improperly unplugged the ident system is a protected disclosure? Well, we believe that it was a protected disclosure because he did not follow the procedure, which was not in effect at the time. Sounds like a confession of his own wrongdoing. Yes, it was, Your Honor, and if I can be a cynic and say he shouldn't have confessed it, but unfortunately, he wanted to be forthright because he was being asked to testify at a more important hearing, and his... So, under your theory, anybody who confesses wrongdoing is essentially a whistleblower because he's blown the whistle on himself, right? I mean, is that the theory here? No, that's not the theory, that if he confesses his own wrongdoing, he's protected by the whistleblower. So, where is the protected disclosure in terms of his testimony about what he did or didn't do on the ident system? The disclosure, we believe, that he is subject to protection is that he wrote a memo to his district director, he testified at the trial for the three deportation officers that were eventually convicted. And what about the testimony as a protected disclosure? We believe it is protected. What aspect of the testimony, the aspect dealing with his conduct in connection with the ident system or his testimony with respect to what the other officers did? We believe it covers what the other officers did, that it is protected because under... And we also have to keep in a factual context of the situation. This is a law enforcement agency. There is a culture of a code of silence that subjected him to retaliation from the minute... Even if we assume that the written memo that he wrote to the district director was cryptic in its content and maybe it may not have been a whistleblower, people started harassing him from day one. Well, actually, I have a question about that and I'm not a little clear. If that's the essence of a whistleblowing complaint, is that... So you're saying the fact that he put himself out and got some sort of reprisal or there was harassment by his fellow officers, is that the nature of the whistleblowing reprisal? I mean, do you think that that constitutes sort of agency action and reprisal for disclosure? What we're... You're not alleging that supervisors or the head of the agencies took this action against him and firing him because he did the disclosure. You're claiming that his fellow officers took it on. We're claiming management took the action, Your Honor, because during the course... And again, putting the timeline into perspective, the event occurred in 2001. He testified approximately in 2003. Immediately after his testimony, he was served. Had we been able to have the hearing show that there was management retaliation again, we would have shown that he got two minor disciplinary matters that were credit card fraud and another minor violation where he was subjected to a 15-day suspension. Under the MSPB, those are not appealable directly to an administrative law judge. You can appeal that within the hierarchy of the agency, but they're not appealable to an MSPB judge. Those two alleged misconducts came down after he testified. Then, as a result of his testimony at the criminal case, someone... And we've been able to conclude that it was an officer of the inspector general said this gentleman admitted at his testimony against these three officers that in 2001 he had not followed allegedly what the identity policy in place at the time, which has initiated an investigation, which he had already admitted to. So, therefore, based on that testimony in court at the criminal proceeding, they chose, based on the Douglas factors, to say, this is your third strike, you're out. And that's why they put him in these proceedings. Time is running down. Do you want to let us hear from Ms. Kidmiller? We'll give you your three minutes back. Yes, sir. May it please the court. That the agency... Let me ask you, beginning. Suppose, hypothetically, that this employee was fired because he gave testimony in the criminal trial against his fellow officers. Let's assume that that's proof, okay? Is the government's position that that is not protected by the Whistleblower Protection Act? With those assumptions, there is a possibility that it still may not be protected depending on the subject of the disclosure. If we're looking at... No, he disposes of criminal conduct. He testifies in a criminal trial against his fellow officers that they violated the law and he's fired because he gave that testimony. Is the government's position that that is not protected? If it did not reveal something that was already known and hidden, then possibly this court's decision... Well, if it was already known, why was the government calling him to testify? Well, just because something is already known doesn't mean that that evidence is then admissible at the criminal trial. The government needed to put on witnesses to present... So they can fire him for testifying if it was already known. Well, I think that Fields does... and Mewison, which I'm probably mispronouncing, does suggest that that would be a possibility. If the information... It is the government's position that you can fire somebody for testifying against fellow officers in a criminal trial. Because that's not our case, I don't want to give an official position on that issue. Maybe it is our case. We don't know. But that's a hypothetical. Are you saying he can be fired for testifying or are you saying that testifying is not a protected disclosure because it wasn't voluntary and it was probably compelled by subpoena?  that we would have to conduct under that hypothetical. Looking at the subject of the disclosure, the subpoena certainly factors into that consideration. But surely, to follow up on Judge Dyck's question, he can't be fired for testifying truthfully in a judicial procedure. Well, simply testifying alone would not be misconduct. I mean, you wouldn't be fired for... No, no, but we're... Wait a second. We're assuming that the motivation and the purpose of the supervisors is this guy ratted on his fellow officers. He got up and he testified. He shouldn't have done that. We're going to fire him for doing that. Are you suggesting that that's not protected by the Whistleblower Protection Act? That seems to me to be a very extreme position. And that's why I say because those are not precisely our facts, I'm hesitant to say definitively what our position would be. Well, that would promote the efficiency of the service. It seems to me that we wouldn't necessarily reach a whistleblower issue because if the government says, we're taking this action and they say in writing because the basis for our firing this person is because he testifies, I assume that that would fail under normal MSPB proceedings. Yes, Your Honor. There would certainly be a nexus problem there, and in all likelihood the Board would not sustain. Am I right that in the whistleblowing context, a sort of ultimate defense by the government, notwithstanding what their motivation might have been and what they did, was if they can establish that they would have taken the action in any event? Yes, Your Honor. If the petitioner, the employee, makes out a prima facie case, which has three different elements, essentially that the disclosure was a contributing factor to the removal, that there was a protected disclosure, and forgive me, I'm forgetting the third off the top of my head, but once that prima facie case is made, the burden then shifts to the government to show by clear and convincing evidence that it would have taken the same disciplinary action even in the absence of the protected whistleblowing activity. Now, of course, in this case, we never advanced to that stage in the analysis because here the administrative judge found, and the Board affirmed, addressing the memorandum, which was the only issue raised to them, that it was not a protected disclosure at all. So the allegation did not fulfill the prima facie elements there. But the question is whether the testimony issue was raised, and is the description of what happened at the pre-hearing conference accurate, posing counsel's description of that? We don't have a transcript of the pre-hearing conference in the record. Is there a transcript? No, not to my knowledge. Is there a recording of it? Not of that pre-hearing transcript. Now, counsel did refer to the... Just to be clear, there's no recording of the pre-hearing conference? I tape recording. I don't know. It's not listed on the certified list as one of the materials that was part of the record. Were you there? No, Your Honor. Do you know whether his representations as to what happened there is accurate? Not definitively, because, again, we don't have it. I have not been able to check, review what happened in that. However, in his argument just now, Mr. Rodriguez's counsel referenced in response to questions about that pre-hearing conference also referenced a conversation with the administrative judge at the hearing. We do have that in the record. And although it is not in the joint appendix, or rather either of the parties' appendices, but at page 5 of the hearing transcript, the administrative judge gave counsel an opportunity to present his objection to the WPA ruling on the record. And this was the entire proffer, if I may read it. Just for the record, during pretrial proceedings, the court disqualified our affirmative defense of whistleblowing activity. We would just like to state for the record that it is our position that we provided enough facts and identified a proper party to whom a violation of law was informed to, was notified of an abuse of authority by a fellow, another co-worker, and we believe that because of those facts that were articulated, that qualified it as a whistleblower violation. So it doesn't really answer our question either. Now, we do have, because it doesn't address the potential separate parts of the claim, what we do have- There was testimony, right, that he felt that he was discriminated against because of his testimony. Quite possibly. I couldn't point to a particular page right now, but that- 210 to 211. Of the appellant's transcript? I'm sorry, of the appellant's transcript? The hearing transcript. It's of the appendix, 210 to 211. Here at page 210, Mr. Rodriguez says he feels he was treated differently for being a government witness in a criminal trial. That doesn't explicitly say that he thinks he was fired in retaliation for his criminal testimony. I mean, he had plenty of opportunities to raise this clearly and put it in the record very clearly, beginning with the initial appeal, which is at page 82 of the appendix. Yeah, but even under the board's regulation, you don't have to raise it in the initial appeal, right? The regulations are specific about that. That's right, but that was- You don't have to raise it in the petition for review to the full board, correct, under the Bosley case. That's correct, but you do have to- Under White, you cannot challenge on appeal what you failed to challenge before the board, and we simply do not have evidence in the record here that this was clearly challenged before the board. We have, beginning with the initial appeal, only the date of the memorandum listed as the date of disclosure. In February of 2007, Mr. Rodriguez submitted a written description of his whistleblower allegations, and that's at page 79 of the appendix attached to our brief, and it's a three-page filing. All it mentions is the memorandum again, and then the board summarized in its opinion the proceedings below on this particular issue. This is at page three of our appendix, and again said that the AJ advised appellant as to the elements of proof about the memorandum. So everywhere that we have this addressed, it's always the memorandum. Ms. Kid Miller, what's the closest he came to making a protected disclosure? If it had not been waived and had truly revealed, if it had revealed something known, I think his criminal testimony. His criminal testimony about his fellow officers? Yes, Your Honor, not about his own misconduct. And this court's precedent is clear that revealing your own misconduct does not qualify as a protected disclosure because the act was not. Did he disclose his colleagues' misconduct in his original memo? No, he did not. That memorandum is found at page 42. He only disclosed it in response in this criminal proceeding when he was a witness. That's right. And indeed, at the time that he testified at the criminal trial, he explained that he wrote the memorandum in the way that he did because he did not want to, to use his words, rat on or snitch against his fellow co-workers. That's hardly making a protected disclosure. It's protecting his friends. Yes, Your Honor. It's not protected under the law. It's contrary to the very purposes of the WPA. And so for that reason, the board correctly found that this memorandum was not a protected disclosure and the court should affirm that holding. In addition, even if this court were to find that for some reason the criminal testimony were not waived, Mr. Rodriguez testified within the normal course of his duties. He was in both his position that he held the day of the March 25, 2001, when all of these events took place, and in his subsequent position after he received a promotion, he was a sworn law enforcement officer, arrest authority, carried a gun, and could be called into court to testify about things that he observed on the job. And that's precisely the kind of testimony that he gave here. But I think it's a stretch to say that that's within the normal duties exception. Let me just say, I think it would be useful if counsel could get together and see if there's a transcript so we know what happened. A transcript could be made or there's some sort of recording or some sort of recollection that you could agree on as to what happened at the pre-hearing conference so we will know whether, in fact, the administrative judge addressed the testimony issue there and ruled it out as a protected disclosure. Okay, we'd be happy to do that. Thank you. We will do that. I will note that I certainly am happy to answer any other questions related to our whistleblower arguments, but I do want to note before leaving the lectern this morning that Mr. Rodriguez did not respond, either in his reply brief or in his argument here this morning, to our demonstration that the three charges brought against him were supported by substantial evidence, that there was a nexus, and that the penalty was reasonable. So the court should also find no protected whistleblowing activity and affirm that portion of the board's opinion, affirm the opinion in total, and that is the relief that we would request. Thank you, Ms. Kidmiller. Mr. Tellez has three minutes to rebut. To answer a couple of questions that were asked of Ms. Miller, first of all, the pre-hearings conferences are not recorded by the administrative law judge. Generally, they're held telephonically. She attempts to do a summary of what the pre-hearing conferences were, and I believe, I don't remember if they were submitted as part of the government's submission or the official transcript. The judge also holds pre-hearing conferences individually, and they partake with each party to discuss what their positions are, and she kind of indicates what is going to be a ruling. Can I ask you about that, though? In your brief, in the great brief at the end where you talk about this on page 6 with regard to whether it was raised, what you say is a little confusing to me. You say, what Respondent fails to mention is that Rodriguez did attempt to raise the assertion before the board, but was not allowed to because the judge said she knew about the testimony and had read the transcripts. Yes. Why is that an answer to the question? I mean, because if the judge says, I know about the testimony, I know what happened in court, I know about all the transcripts, why is that responsive to whether or not she's going to allow you to assert it was a whistleblower complaint? Can I get that? Well, she knew about the transcript because we lobbied to get the transcript into the record. Okay, so she's telling you she knows about the transcript and she knows about the testimony. But she said, I don't want to hear about how his testimony ties into the three disciplinary actions that he had, the two minor ones and then the one that placed him in the termination proceedings. And basically our position is that in a substantial compliance type of situation, we should be able to tie it in by having testimony of fellow co-workers and so forth. She eliminated every witness. Testimony for fellow co-workers about what? About how they were aware, how the word was within the organization that Mr. Rodriguez was targeted to termination. There were three witnesses that we submitted, which also go to the evidence in this case. She totally disregards Mr. Palomo's testimony. She didn't even address that when we tried to present him as far as what was the policy in place. She only addresses two witnesses, Mr. Mark Moore, if I remember correctly, and Mr. Chapa, who was resigned under some questionable circumstances not related to this case, which was the lead supervisor that was on duty that day. But she totally ignores all the testimony of everybody else, and it is our position that yes. But you're saying two different things. On the one hand, you're saying we presented testimony and she just ignored it. No, well, she didn't allow us to ask questions regarding the atmosphere, regarding the whistleblower, because she said there was no whistleblower protection under any circumstances. Well, she didn't allow you to ask questions. Wouldn't that be reflected in the transcript? Like that you tried to ask a question and she said no, or the government objected to the question? I don't have the exact page, but there's a dialogue between the judge and I in the transcript, and I don't remember if we put it in there, but we did ask for the full transcript, where I tried to show that the two minor disciplinary— It will be helpful. I mean, not to belabor this, but I know Judge Dyke has already asked, so it might be helpful to identify that. Yeah, I think if the two counsels can get together and be informed by the recollection of the government lawyer who was present at this pre-hearing conference to see if you can reconstruct what the ruling was and agree on whether there was such a ruling or not, that would be helpful to us. Okay. To answer a couple questions, Judge Prost indicated that it goes to the— and whether his disclosure would have been protected. I think there is a public policy behind the Whistleblower Act to say that we have to show that government opens practices out in the open, that our employees are responsible. We understand the public policy. Okay. Any further points? No, Your Honor. Okay. Thank you, Mr. Sellers. Thank you. The case should be taken under advise.